# jackson | lewis
### Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317
Tel 267 319-7802
Fax 215 399-2249
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
DETROIT, MI

GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL
MINNEAPOLIS, MN

MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR

PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

*Rick Grimaldi*
*Direct Dial: 267-319-7802*
*Grimaldir@jacksonlewis.com*

August 20, 2010

**FILED**
AUG 23 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

<u>Via Facsimile: (267) 299-5069</u>
The Honorable Paul Diamond
United States District Court for the
Eastern District of Pennsylvania
Room 6613
601 Market Street
Philadelphia, PA 19106-1721

      RE:    **Michael Bustin v. Abercrombie & Fitch Co.**
               **USDC, Eastern District, Civil Action No. 10-01675**

Dear Judge Diamond:

      I write on behalf of Defendant Abercrombie & Fitch Co. to respectfully request that the Court enter an order quashing the Notices of Deposition of Michael Jeffries and Matthew Smith served by Plaintiff in the above captioned matter. In the alternative, Defendant seeks a protective order prohibiting Plaintiff from pursuing these unwarranted and harassing depositions. In support of this request, Defendant states as follows:

## INTRODUCTION

      Plaintiff has commenced the present action claiming that Abercrombie & Fitch violated his rights under the Age Discrimination in Employment Act ("ADEA") notwithstanding the fact that he was actually employed by another company, Jet Aviation, with whom Abercrombie & Fitch maintained a corporate relationship. Plaintiff, a jet pilot, alleges that he assigned to the Abercrombie & Fitch account from February 2008 until December 2009. Plaintiff claims that his ADEA rights were violated as a result of his removal from this assignment.

      Plaintiff's claim of age discrimination is based, in large part, on remarks purportedly made by Mr. Jenkins, the Chairman and CEO of Abercrombie & Fitch, relating to their corporate brand and marketing strategies. It is also important to note that Plaintiff acknowledges the allegedly ageist remarks predate Plaintiff's assignment to the Abercrombie & Fitch account by more than two years. Plaintiff's claim is also based on allegations that he



Honorable Paul Diamond
August 20, 2010
Page 2

overheard Mr. Jenkins and Mr. Smith make other, unspecified, disparaging and exclusionary comments, and that a younger pilot at Jet Aviation took over the Abercrombie & Fitch assignment in December 2009.

On August 16, 2010, the Court entered a Scheduling Order for discovery and other pretrial matters following a Rule 16 conference with the parties. The Court's Scheduling Order provides for a forty-five (45) day discovery period. On that same date, Plaintiff served on Defendant three Notices of Deposition for Michael Jeffries, Matthew Smith, and Scott Mayer on August 27 – 30, 2010. By letter dated August 19, 2010, counsel for Abercrombie & Fitch objected to the Notices of Deposition with respect to Mr. Jenkins and Mr. Smith and notified Plaintiff that Defendant would not produce either witness for deposition in this case. In response, counsel for Plaintiff advised that he intended to proceed with the depositions of Mr. Jeffries and Mr. Smith, as scheduled. (Attached as Exhibit E).

Plaintiff has also served written discovery requests, in the form of interrogatories and document requests. Defendant is in the process of preparing its responses to these requests and intends to serve them in compliance with the Court's Scheduling Order.

## ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). "The presumption that such matter is discoverable, however, is defensible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Rule 26(c) grants courts the discretion to issue protective orders that impose restrictions on the extent of discovery where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

Rule 26(b)(2) provides, in pertinent part, that discovery shall be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expense; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit..." Fed.R.Civ.P. 26(b)(2). Rule 45 gives the Court the authority to "quash or modify the subpoena if it...(iv) subjects a person to undue burden." Similarly, when a corporate entity is subpoenaed, that subpoena must be quashed or modified if it subjects any person to an "undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv); Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter., 160 F.R.D. 70, 72 (E.D.Pa. 1995). A determination of what is "unduly burdensome" is within the Court's discretion. Defendant contends that this Court should quash Plaintiff's Notice of Deposition and/or enter a protective order barring Plaintiff from deposing Mr. Jenkins and Mr. Smith in connection with this matter.



Honorable Paul Diamond
August 20, 2010
Page 3

### B. Plaintiff has not Demonstrated a Proper Basis to Depose Mr. Jeffries

Plaintiff seeks to depose Mr. Jeffries and Mr. Smith about alleged remarks which relate to Abercrombie & Fitch's corporate brand and marketing strategies, which emphasize a "...youthful all-American style." Plaintiff claims that these remarks, which are taken out of context, evidence an exclusionary attitude against older individuals in the workplace. As a result of this, according to Plaintiff, he was abruptly removed from the Abercrombie & Fitch account in December 2009, and replaced by a younger, 32 year old, pilot with less experience.

#### a. Plaintiff has no Credible Basis to Depose Mr. Jeffries or Mr. Smith

Plaintiff has not developed any evidence through discovery to support the baseless and meritless claims in his Complaint. Assuming, *arguendo*, that Abercrombie & Fitch possesses any relevant information pertaining to the matters alleged in this action, such information would be obtainable through significantly less intrusive means, including interrogatories and/or depositions of lower level employees who were actually involved in managing the company's relationship with Jet Aviation. However, Plaintiff has not served a single interrogatory seeking additional information with respect to the alleged remarks attributed to Mr. Jeffries or Mr. Smith in any context or which seeks to establish some causal connection between these alleged remarks, the corporate brand and strategy at Abercrombie & Fitch, and the circumstances which lead to the removal of Plaintiff from the account. Consequently, Plaintiff cannot credibly claim that Mr. Jeffries, Mr. Smith, or the corporate brand and marketing strategy, had any impact or influence on the removal of Plaintiff from the Abercrombie & Fitch account. In fact, the remarks attributed to Mr. Jeffries predate Plaintiff's assignment to the Abercrombie & Fitch account by more than two years.

#### b. Plaintiff Should Not Be Allowed To Depose Mr. Jeffries Because He Does Not Possess Relevant Knowledge That Cannot Be Obtained From Other Employees

Numerous courts have recognized that before deposing a high-level executive such as Mr. Jeffries, the Plaintiff must demonstrate that the proposed deponent has personal knowledge of unique, relevant information that cannot be obtained through less intrusive means such as interrogatories or depositions of lower-level employees. Mr. Jeffries has no knowledge of the terms and conditions of Plaintiff's employment, and played no role in the removal of Plaintiff from the Abercrombie & Fitch account.

For instance, in Reif v. CNA, 248 F.R.D. 448 (E.D.Pa. 2008), the Court held, in a similar situation, that plaintiffs were not entitled to depose a high level corporate executive where the plaintiffs failed to demonstrate that the CEO possessed unique knowledge as to the plaintiffs' termination, and failed to establish a nexus between certain remarks by the CEO and lower level management's termination decisions. A copy of the Reif decision is attached for your consideration. In Reif, the plaintiffs had pursued a theory of age discrimination in the workplace premised on a claim that CNA's CEO had made public remarks which initiated an ageist corporate culture at CNA. In that case, plaintiffs had conducted extensive discovery, including taking depositions of several lower level employees. Despite developing a comprehensive record on discovery, the Court found that plaintiff failed to procure any evidence



to suggest that the CEO's statement had any causal connection to the decision to terminate plaintiffs. Moreover, the Reif plaintiffs failed to show that the CEO possessed unique knowledge as to plaintiffs' termination. Therefore, the Court concluded that deposing the CEO would be "unreasonably repetitive and burdensome" and "the burden and expense of [the CEO's] deposition 'outweighs its likely benefit'".

The same conclusion can be drawn from the circumstances present in this matter. Here, it strains credulity to even imagine that Mr. Jenkins, the CEO of a major international clothing retailer, would have any familiarity with the terms and conditions of Plaintiff's employment with Jet Aviation or the circumstances underlying the removal of Plaintiff from the Abercrombie & Fitch account. Indeed, there is nothing in the discovery record of this case to show that either Mr. Jenkins possesses unique knowledge with respect to Plaintiff's assignment to or removal from the Abercrombie & Fitch account or demonstrate that any causal connection exists between Mr. Jenkins' alleged comments in 2005 and 2006, and Plaintiff's assignment to the account in 2008 and 2009.

The Court need not rely solely on the Reif decision, though, for guidance on this issue. While the Third Circuit has not resolved the question thus far, a review of the decisions from several other District Courts and Circuit Courts of Appeals show the consistent application of these core principles to the issue of a plaintiff's desire to take the deposition of a high level corporate executive. See, e.g., Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979) (court held that plaintiff had to first depose lower level employees with direct knowledge when there was nothing to indicate that executive had personal knowledge of underlying matter); Baine v. General Motors Corporation, 141 F.R.D. 332 (M.D. Ala. 1991) (plaintiff needed to establish that executive possessed "superior or unique personal knowledge to the suit and that lower level employees could not provide the necessary information); see also Stone v. Morton International, Inc., 170 F.R.D. 498, 504 (D. Utah 1997); Thomas v. International Business Machines, 48 F.3d 478 (10th Cir. 1995); Lewelling v. Farmer's Insurance of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1981). These principles apply with particular force here and demonstrate that this Court should preclude Plaintiff from deposing Chairman and CEO Jenkins.

The alleged remarks by Mr. Jenkins do not constitute relevant evidence in support of Plaintiff's claim of age discrimination. To the contrary, Jenkins' alleged remarks were made more than two years before Plaintiff was even assigned to the account, and more than 3 or 4 years before Plaintiff was removed from the account. The statements have nothing to do with either.

### C. Plaintiff's Notice of Deposition for Mr. Smith Fails to Comply with the Federal Rules of Civil Procedure with Respect to the Deposition of a Non-Party

In addition to the fact that Mr. Smith, who is neither an employee of Abercrombie & Fitch, nor a party to this action, lacks any knowledge with respect to Plaintiff's assignment to or removal from the Abercrombie & Fitch account, the simple fact is that the Notice of Deposition is wholly inadequate to compel Mr. Smith to appear for a deposition in this case. As an initial matter, as a non-party who is not subject to the control of Defendant, the Rules require that Plaintiff serve a Subpoena in compliance with Rule 45 in order to compel Mr. Smith's appearance at a deposition.

# jackson|lewis
Attorneys at Law

Honorable Paul Diamond
August 20, 2010
Page 5

Secondly, Rule 45(b)(2) also provides territorial limitations on the effective range of a subpoena. A subpoena may only be served within the district, or within 100 miles of the place where the deposition is scheduled to take place (in this case, Penndel), or at any place within the state as permitted by local law, or at sites determined by court order pursuant to an applicable federal statute.

Here, Plaintiff merely served a Notice of Deposition, without subpoena, on counsel for Abercrombie & Fitch, in Philadelphia. Mr. Smith, however, is located in Ohio, which is beyond the territorial boundaries of the Eastern District of Pennsylvania and the Commonwealth of Pennsylvania. Further, there is no applicable Federal statute which authorizes service beyond the areas described in Rule 45(b)(2).

Because a Notice of Deposition for a case pending in the Eastern District of Pennsylvania has no power over a non-party who is situated in Ohio, the Notice of Deposition of Mr. Smith must be quashed.

## CONCLUSION

By immediately pursuing the deposition of the Chairman and CEO of Abercrombie & Fitch, and Mr. Smith, in connection with this baseless and meritless claim, Plaintiff is blatantly abusing the discovery process to harass and annoy Abercrombie & Fitch. For the reasons set forth above, Abercrombie & Fitch respectfully requests that the Court grant Defendant's motion to quash and/or enter a protective order with respect to Plaintiff's desire to take the depositions of Mr. Jeffries and Mr. Smith.

We look forward to the teleconference with the Court this afternoon.

Respectfully submitted,

JACKSON LEWIS LLP

Rick Grimaldi

MCH/mmn
Enclosures

Cc: Lori Armstrong Halber, Esquire
      Wayne Ely, Esquire

4840-4020-6087, v. 1

## JACKSON LEWIS LLP
Three Parkway
Suite 1350
1601 Cherry Street
Philadelphia, PA  19102-1317

*Direct #267.319.7818*
*peets@jacksonlewis.com*

# FAX

| | |
|---|---|
| **To:** | Honorable Paul Diamond |
| **Company:** | U.S.D.C. |
| **Fax:** | (267) 299-5069    **Tel #:** |
| **From:** | Rick Grimaldi |
| **Sender:** | Kim Berkowitz |
| **Subject:** | Bustin v. Abercrombie |
| **Date:** | August 20, 2010 |
| **Client/Matter #:** | |
| **Pages:** | 6 |
| **Original:** | _____ Will Follow    ✓ _____ Will Not Follow |

**MESSAGE:**

4847-2857-3703, v. 1

**Please contact if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.