# TIMOTHY M. KOLMAN ESQ.
## AND ASSOCIATES
### LAW OFFICES

**414 HULMEVILLE AVENUE**
**PENNDEL, PA 19047**

(215) 750-3134
FACSIMILE (215) 750-3138

**FILED**

**AUG 2 3 2010**

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

August 20th, 2010

*Via Facsimile Only to 267-299-5069*

The Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
Federal Courthouse
6th Floor
601 Market Street
Philadelphia, PA 19106

Re: *Bustin v. Abercrombie and Fitch Co.*
No. 10-CV-1675

Dear Judge Diamond:

I represent the Plaintiff in the above-captioned discrimination matter, in which the Court held a Rule 16 conference on Monday, August 16th. A deposition dispute has arisen and the Court's intervention is required.

On August 16th, 2010, shortly after the Rule 16 conference, I scheduled and noticed the depositions of the following three individuals on the dates set forth below:

Michael Jeffries (Friday, August 27th);

Matthew Smith (Friday, August 27th);

Scott Mayer (Monday, August 30th).

Defendant's counsel contacted me the day the aforementioned notices were sent and advised me that they would be both be on vacation during the week of August 23rd (as well as Monday the 30th) and could not attend the depositions. They asked my office to provide available dates so the depositions could be rescheduled. I immediately wrote to counsel again and provided a number of dates, including September 10th, September 13th, September 16th and the week of September 20th, advising that I would be willing to reschedule the depositions on

The Honorable Paul S. Diamond
Re:   *Bustin v. Abercrombie and Fitch Co.*
       No. 10-CV-1675
August 20, 2010
Page 2 of 3

  any of the foregoing dates but that I wanted to get the depositions scheduled before close of business on Wednesday August 18th (when I was scheduled to leave town) in light of the expedited discovery schedule in this case and the impending vacations of counsel. My two letters of August 16th are attached as Exhibits "A" and "B." Counsel did not respond to me by that time, and I sent a follow-up letter on August 19th advising that I would proceed with the depositions as scheduled since I had not been given available dates for their rescheduling as I had requested. *See* Exhibit "C"

  Counsel then (for the first time) advised that they would not produce Defendant's CEO, Michael Jeffries, for deposition and that they planned to seek a protective order because he allegedly has no personal knowledge about this case (it bears noting that the Plaintiff was Defendant's corporate pilot and regularly flew Mr. Jeffries on Defendant's G-5 corporate jet when he worked for Defendant). Defendant also claimed it could not produce Matthew Smith because it does not control him. I immediately sent a supplemental interrogatory seeking address information for Mr. Smith to facilitate a subpoena. *See* Exhibit "D"

  As to the deposition of Scott Mayer, Defendant's Director of Global Procurement (who was directly involved in the decision to terminate Plaintiff), counsel's August 19th letter made no comment or objection. However, counsel has failed to advise which of the dates I provided are acceptable for his deposition as they previously agreed.

  While Defendant may not control Mr. Smith, its refusal to produce Mr. Jeffries is unfounded and its failure to advise of an available date for the deposition of Mr. Mayer is unreasonable.

  Because the Court has set a tight discovery schedule in this case, I must move forward with the foregoing depositions in as expeditious a manner as possible to leave time for any follow-up discovery I may require. Indeed, I scheduled the depositions to occur shortly after the August 23rd deadline by which Defendant's Answers to Plaintiff's First Interrogatories and Requests for Production (propounded on August 12th) are due in accordance with Your Honor's 10-day requirement.

  I respectfully request that Defendant be ordered to produce Mssrs. Jeffries and Mayer for deposition on August 27th and 30th.

The Honorable Paul S. Diamond
Re: *Bustin v. Abercrombie and Fitch Co.*
No. 10-CV-1675
August 20, 2010
Page 3 of 3

    I enclose copies of my two letters of August 16th (Exhibits "A" and "B"); my letter of August 19th (Exhibit "C"); and Defendant's letter of August 19th (Exhibit "D").

    I am available for a telephone conference if the Court deems one necessary.

                                Respectfully,

                                TIMOTHY M. KOLMAN AND ASSOCIATES

               By: _____
                              Wayne A. Ely, Esquire

WAE/jlf
Enclosures (4)
cc (w/ Enclosures):   Roger Grimaldi, Esquire
                          Lori Halber, Esquire

# EXHIBIT "A"

# TIMOTHY M. KOLMAN ESQ.
### AND ASSOCIATES
LAW OFFICES

414 HULMEVILLE AVENUE
PENNDEL, PA 19047

(215) 750-3134
FACSIMILE (215) 750-3138

August 16, 2010

### *Via Facsimile to 215-399-2249 and First-Class Mail*

Roger Grimaldi, Esquire
Lori E. Halber, Esquire
Jackson Lewis LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317

  Re: *Bustin v. Abercrombie and Fitch Co.*

Dear Counsel:

  Defendant's answers to Plaintiff's First Set of Interrogatories and First Request for Production of Documents in connection with the above-captioned matter (which were served on August 12, 2010) are due on Monday, August 23, 2010 in light of Judge Diamond's 10-day time frame for answers to written discovery requests. I have therefore scheduled the depositions of the following individuals on the dates set forth below:

    Michael Jeffries (Friday, August 27th);

    Matthew Smith (Friday, August 27th);

    Scott Mayer (Monday, August 30th).

  Notices are enclosed.

  I have scheduled the above depositions for a week after the 10-day answer period closes on the assumption that I will have full and complete answers to the foregoing discovery requests by that time. However, in the event disputes arise regarding your discovery answers, one week should be sufficient to address them with Judge Diamond via letter given his expedited discovery dispute procedure.

Richard Grimaldi, Esquire
Lori E. Halber, Esquire
*Bustin v. Abercrombie and Fitch Co.*
August 16, 2010
Page 2 of 2

      If I am able to subpoena Alex Schube before Monday, August 30, I may take his deposition in the afternoon on that date once the deposition of Scott Mayer is completed.

      The foregoing depositions will be videotaped and stenographically recorded.

      Very truly yours,

      TIMOTHY M. KOLMAN AND ASSOCIATES

      Wayne A. Ely

WAE/jlf
Enclosures

# EXHIBIT "B"

# TIMOTHY M. KOLMAN ESQ.
## AND ASSOCIATES
### LAW OFFICES

**414 HULMEVILLE AVENUE**
**PENNDEL, PA 19047**

(215) 750-3134
FACSIMILE (215) 750-3138

August 16, 2010

*Via Facsimile to 215-399-2249 and First-Class Mail*

Roger Grimaldi, Esquire
Lori E. Halber, Esquire
Jackson Lewis LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317

    Re:    *Bustin v. Abercrombie and Fitch Co.*

Dear Counsel:

    This will confirm our telephone conversation today regarding deposition scheduling.

    My office has scheduled the depositions of Michael Jeffries, Matthew Smith and Scott Mayer for Friday, August 27 and Monday, August 30. You both indicated to me today that you are not available on either of those days due to planned vacations the week of August 23.

    My office has now provided you with a number of dates in early September for the foregoing depositions. They are: September 3, September 10, September 13, September 16 and (as a back-up) the week of September 20. Jamie has advised me that you also requested some October deposition dates from her. I did not agree to hold off on the foregoing three depositions until October (indeed, you suggested we provide dates right after Labor Day), and I will not accept October dates for them, as that leaves too little time for follow-up discovery if it is required.

    I will reschedule the foregoing depositions if we can decide on mutually agreeable September (not October) dates for them before I leave for Pittsburgh on Wednesday evening (August 18). However, due to the short discovery period in this case, if we cannot agree on such

Richard Grimaldi, Esquire
Lori E. Halber, Esquire
*Bustin v. Abercrombie and Fitch Co.*
August 16, 2010
Page 2 of 2

dates, I must proceed with the depositions as scheduled on August 27 and August 30 and seek relief from the Court if the deponents fail to appear.

Please provide available September dates for the aforementioned three depositions by close of business Wednesday (August 18).

                                   Very truly yours,

                                   TIMOTHY M. KOLMAN AND ASSOCIATES

WAE:jlf                          Wayne A. Ely

```
*  *  *  Communication Result Report ( Aug. 16. 2010  2:35PM )  *  *  *
```

P. 1

Date/Time: Aug. 16. 2010  2:34PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 9860 | Memory TX | 12153992249 | P. 2 | OK | |

```
Reason for error
  E. 1) Hang up or line fail        E. 2) Busy
  E. 3) No answer                   E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size
```

Tracey M. Kollen Esq
AND ASSOCIATES
LAWYERS

[address illegible]

(XXX) XXX-XXXX
FACSIMILE (XXX) XXX-XXXX

August 16, 2010

*Via Facsimile to 215-399-2249 and First-Class Mail*

Roger Grimaldi, Esquire
Lori R. Shuler, Esquire
Jackson Lewis LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1517

Re:  *Basile v. Abercrombie and Fitch Co.*

Dear Counsel:

This will confirm our telephone conversation today regarding deposition scheduling.

My office has submitted the depositions of Michael Jeffries, Matthew Smith and Scott Mayer for Friday, August 27 and Monday, August 30. You both indicated to me today that you are not available on either of those days due to planned vacations the week of August 23.

My office has now provided you with a number of dates in early September for the foregoing depositions. They are: September 3, September 10, September 13, September 16 and (as a back-up) the week of September 20. Jinale has advised me that you also requested some October deposition dates from her. I did not agree to hold off on the foregoing three depositions until October (indeed, you suggested we provide dates right after Labor Day), and I will not accept October dates for them, as that leaves too little time for follow-up discovery if it is required.

I will reschedule the foregoing depositions if we can decide on mutually agreeable September (not October) dates for them before I leave for Pittsburgh on Wednesday evening (August 18). However, due to the short discovery period in this case, if we cannot agree on such

# EXHIBIT "C"

**TIMOTHY M. KOLMAN ESQ.**
AND ASSOCIATES
LAW OFFICES

414 HULMEVILLE AVENUE
PENNDEL, PA 19047

(215) 750-3134
FACSIMILE (215) 750-3188

August 19, 2010

*Via Facsimile to 215-399-2249 and First-Class Mail*

Roger Grimaldi, Esquire
Lori E. Halber, Esquire
Jackson Lewis LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317

    Re:   *Bustin v. Abercrombie and Fitch Co.*

Dear Counsel:

    Reference is made to my letter of August 16, 2010. In that letter I agreed to reschedule the depositions of Mike Jeffries, Matthew Smith and Scott Mayer which are currently set to take place on Friday August 27, 2010 and Monday August 30, 2010. My office also provided you with the following dates: September 10, September 13, September 16 and the week of September 20th.

    I did not receive new dates for the above depositions before close of business on Wednesday, August 18, 2010 as I requested. I therefore plan to proceed with the depositions as scheduled.

                                        Very truly yours,

                                        TIMOTHY M. KOLMAN AND ASSOCIATES

                    By:   _____
                              Wayne A. Ely, Esquire

WAE/jlf

\* \* \* Communication Result Report ( Aug. 19. 2010 12:19PM ) \* \* \*

Date/Time: Aug. 19. 2010 12:19PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 9901 | Memory TX | 12153992249 | P. 1 | OK | |

Reason for error
  E. 1) Hang up or line fail            E. 2) Busy
  E. 3) No answer                       E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size

**TIMOTHY M. KOLMAN ESQ.**
AND ASSOCIATES
LAWYERS

414 HULMEVILLE AVENUE
PENNDEL, PA 19047

(215) 750-3395
FACSIMILE (215) 750-5196

August 19, 2010

*Via Facsimile to 215-399-2249 and First-Class Mail*

Roger Grimaldi, Esquire
Lori B. Hafner, Esquire
Jackson Lewis LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317

Re:  *Berlin v. Abercrombie and Fitch Co.*

Dear Counsel:

Reference is made to my letter of August 16, 2010. In that letter I agreed to reschedule the depositions of Mike Jeffries, Matthew Smith and Scott Mayer which are currently set to take place on Friday August 27, 2010 and Monday August 30, 2010. My office also provided you with the following dates: September 10, September 13, September 16 and the week of September 20th.

I did not receive new dates for the above depositions before close of business on Wednesday, August 18, 2010 as I requested. I therefore plan to proceed with the depositions as scheduled.

Very truly yours,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: _____
   Wayne A. Ely, Esquire

WAE/jf

# EXHIBIT "D"

# jackson | lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317
Tel 267-319-7802
Fax 215-399-2249
www.jacksonlewis.com

ALBANY, NY · GREENVILLE, SC · MORRISTOWN, NJ · PORTSMOUTH, NH
ALBUQUERQUE, NM · HARTFORD, CT · NEW ORLEANS, LA · PROVIDENCE, RI
ATLANTA, GA · HOUSTON, TX · NEW YORK, NY · RALEIGH-DURHAM, NC
BIRMINGHAM, AL · JACKSONVILLE, FL · OMAHA, NE · RICHMOND, VA
BOSTON, MA · LAS VEGAS, NV · ORANGE COUNTY, CA · SACRAMENTO, CA
CHICAGO, IL · LONG ISLAND, NY · ORLANDO, FL · SAN DIEGO, CA
CLEVELAND, OH · LOS ANGELES, CA · PHILADELPHIA, PA · SAN FRANCISCO, CA
DALLAS, TX · MEMPHIS, TN · PHOENIX, AZ · SEATTLE, WA
DENVER, CO · MIAMI, FL · PITTSBURGH, PA · STAMFORD, CT
DETROIT, MI · MINNEAPOLIS, MN · PORTLAND, OR · WASHINGTON, DC REGION
WHITE PLAINS, NY

*Lori Armstrong Halber*
*Direct Dial: 267-319-7817*
*HalberL@jacksonlewis.com*

August 19, 2010

**Via Facsimile – (215) 750-3138**
**And First Class Mail**
Wayne M. Ely, Esquire
Timothy M. Kolman, Esquire & Associates
414 Hulmeville Avenue
Penndel, PA 19047

RE:   **Bustin v. Abercrombie & Fitch Co.**
       **U.S.D.C. No. 10-cv-1675**

Dear Wayne:

I write to follow up on our conversation the other day with respect to depositions in this case. Having conferred with our client, Defendant objects to the Notices of Deposition of Michael Jeffries and Matthew Smith for the reasons set forth below. Accordingly, we advise that Defendant will not produce either witness for deposition in this case.

As an initial matter, neither Mr. Jeffries nor Mr. Smith possess personal or superior unique knowledge of the facts pertinent to the cause of action alleged by your client against Abercrombie & Fitch. Moreover, even if we were to assume, *arguendo*, that Abercrombie & Fitch possesses any relevant information pertaining to the matters alleged in this action, such information would be obtainable through significantly less intrusive means, including interrogatories and/or depositions of lower level employees who were actually involved in managing the company's relationship with Jet Aviation. In the absence of some evidence of a nexus between the alleged remarks and the removal of your client from the Abercrombie & Fitch account, the depositions of Mr. Jeffries and/or Mr. Smith at this juncture are not only premature, but also oppressive, harassing, inconvenient and burdensome.

In addition to the reasons set forth above, Mr. Smith is neither an employee/ agent of Abercrombie & Fitch, nor a party to this action. The Company does not control him and cannot compel his appearance at a deposition. In addition, as a non-party, Mr. Smith cannot be compelled under the Rules to travel more than 100 miles for the deposition. Given these circumstances, the Notice of Deposition of Mr. Smith is deficient under the applicable Federal Rules of Civil Procedure.

Aug. 20. 2010 3:41PM                                                                                    No. 9920   P. 17
Case 2:10-cv-01675-PD   Document 12   Filed 08/23/10   Page 16 of 18
2153992249                              JACKSON LEWIS          10:22:25 a.m.  08-19-2010        3/3

**jackson|lewis**
Attorneys at Law

Wayne M. Ely, Esquire
August 19, 2010
Page 2

Please be advised that, in the event Plaintiff continues to insist that Abercrombie & Fitch produce these two witnesses for deposition in this matter, we will seek a protective order from the Court, as well as any other appropriate relief, including the attorneys' fees and costs associated with bringing such a motion. Given the accelerated discovery schedule, we must insist upon a prompt written response to this letter. Accordingly, please contact us – in writing – with your response to this letter on or before **Friday, August 20, 2010**. Thank you for your attention to this matter.

Very truly yours,

JACKSON LEWIS LLP

Lori Armstrong Halber

LAH/ksb

4853-1271-2599, v. 1

Aug. 20. 2010  3:41PM                                                                              No. 9920    P. 18
Case 2:10-cv-01675-PD   Document 12   Filed 08/23/10   Page 17 of 18
3992249                           JACKSON LEWIS              10:21:42 a.m.   08-19-2010         1 /3

# JACKSON LEWIS LLP
Three Parkway
Suite 1350
1601 Cherry Street
Philadelphia, PA  19102-1317

*Direct #267.319.7818*
*peets@jacksonlewis.com*

# FAX

| | |
|---|---|
| **To:** | Wayne M. Ely, Esquire |
| **Company:** | Timothy M. Kolman, Esquire & Associates |
| **Fax:** | (215) 750-3138         **Tel #:** |
| **From:** | Lori Armstrong Halber, Esquire |
| **Sender:** | Kim Berkowitz |
| **Subject:** | Bustin v. Abercrombie & Fitch Co. |
| **Date:** | August 19, 2010 |
| **Client/Matter #:** | 162804 |
| **Pages:** | 3 |
| **Original:** | ✓ Will Follow       _____ Will Not Follow |

**MESSAGE:**

4847-2857-3703, v. 1

Please contact if there are any problems with this transmission.

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

# TIMOTHY M. KOLMAN ESQ.
## AND ASSOCIATES
### LAW OFFICES

**414 HULMEVILLE AVENUE**
**PENNDEL, PA 19047**

(215) 750-3134
FACSIMILE (215) 750-3138
www.timkolmanlaw.com

# FAX

TO: _The Honorable Paul S. Diamond_

FAX NUMBER: _267-299-5069_

CC: _Lori Halber & Roger Grimaldi_

FAX NUMBER: _215-399-2249_

FROM: _Wayne A. Ely_

PAGES: _Including Cover Page_

DATE: _8/20/2010_

RE: _Bustin_

COMMENTS: _____

If you have any problems receiving this transmission, please contact us at 215.750.3134. The comments on and attachment(s) to this cover sheet are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and we will arrange for its return to us at no cost to you. Thank you.