**EXHIBIT A**

**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Phone: (215) 963-5511
Fax: (215) 963-5001
Richard G. Rosenblatt
Attorneys for Defendants
Jet Aviation Flight Services, Inc.
and Jet Professionals, LLC

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL S. BUSTIN,** <br><br> Plaintiff, <br><br> v. <br><br> **ABERCROMBIE & FITCH CO., JEFFRIES FAMILY OFFICE, LLC, JET AVIATION, INC., and JET PROFESSIONALS, INC.,** <br><br> Defendants. | Civil Action No. 10-cv-01675 (PD) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS
JET AVIATION, INC. AND JET PROFESSIONALS, INC.'S MOTION TO DISMISS
PLAINTIFF'S AGE DISCRIMINATION IN EMPLOYMENT ACT CLAIMS**

## I. INTRODUCTION

Plaintiff's Opposition offers nothing to change one critical fact – he did not timely exhaust his administrative remedies with respect to his ADEA claims against the Jet Defendants. Indeed, Plaintiff's opposition does little more than repeat the erroneous mantra that he timely filed his Charge against the Jet Defendants, as if saying it repetitiously will somehow make it so. The simple fact is that Plaintiff filed 303 days after the adverse employment action about which he complains. Accordingly, Plaintiff's age discrimination claim is time-barred as to the Jet Defendants. Recognizing this unmistakable reality, Plaintiff seeks to be excused from his (unexplained) failure by arguing that his timely Charge against Defendant Abercrombie & Fitch satisfied his obligation to exhaust his administrative remedies as to the Jet Defendants. Remarkably, however, neither of the Jet entities were even **mentioned** in Plaintiff's Charge against Abercrombie. This argument flies in the face of controlling law and the very purpose of the ADEA's exhaustion requirement.

## II. ARGUMENT

**A. Whether Or Not the EEOC's Finding of Untimeliness Has Preclusive Effect, Plaintiff's ADEA Claim Fails Because He Failed to Exhaust His Administrative Remedies Within the 300-Day Limitations Period.**

It is clear on the face of the Amended Complaint that Plaintiff failed to file a Charge of Discrimination against the Jet Defendants within 300 days of the last alleged act of discrimination. Amended Comp., ¶ 37(c)(1). Largely ignoring the Jet Defendants' point, Plaintiff argues that the EEOC's dismissal of his claim as untimely does not have preclusive effect. That argument is a strawman. The Jet Defendants have not suggested that the EEOC's determination is preclusive. Rather, the Jet Defendants have merely stated that the EEOC's dismissal of Plaintiff's claim against the Jet Defendants was correct as a matter of law. In this regard, even without the EEOC's dismissal, the Court itself is well-equipped to count 300 days

on the calendar and reach the same conclusion – Plaintiff failed to make a timely filing, which is a prerequisite to bringing his claim in this Court. Plaintiff filed his Charge 303 days after the adverse employment action of which he complains, and therefore it was untimely.[1] See 29 U.S.C. § 626(d)(2). See, e.g., Ruehl v. Viacom, Inc., 500 F.3d 375, 382-83 and n. 9 (3d Cir. 2007); Dubose v. Dist. 11996 National Union of Hospital and Health Care Employees AFSCME AFL-CIO, 105 F. Supp. 2d 403, 410 (E.D. Pa. 2000). As such, Plaintiff failed to properly exhaust his administrative remedies with respect to the Jet Defendants. See e.g., Rhoades v. YWCA, et al., 2010 WL 4668469, at *5-6 (W.D. Pa. Nov. 9, 2010) (granting motion to dismiss ADEA claim under Fed.R.Civ.P. 12(b)(6) for failure to timely exhaust administrative remedies).

**B.  Plaintiff Cannot Rely on His Timely Charge Filed Against Abercrombie & Fitch to Satisfy His Duty to Exhaust His ADEA Claims Against the Jet Defendants.**

Plaintiff argues that he should be excused of his failure to file a timely Charge against the Jet Defendants because he filed a timely Charge against Defendant Abercrombie & Fitch. Plaintiff's argument is just wrong.

It is true that, under certain circumstances *not present here*, a plaintiff may be excused from exhausting his administrative remedies against additional parties, where doing so would not frustrate the twofold statutory purpose of the exhaustion requirement – to (i) give notice to the charged party and (ii) provide an avenue for voluntary compliance without resort to litigation. Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977) (internal citation omitted). This narrow exception to the 300-day rule can save an otherwise untimely claim brought against a related entity. Indeed, in Glus, the court would not allow the international union to avoid a claim where the local union, which was closely inter-related, had been a party. Id. at 888-89. That, of

---

[1]  Plaintiff makes much of testimony – all of which is outside of the four corners of the Amended Complaint – that Plaintiff still could be offered additional flight assignments. Pl. Opp. at p. 2. That argument ignores, however, that the adverse employment action at issue in this case relates to his being "taken off a planned flight without warning, sent home without explanation, and told not to return." (Amended Comp. ¶ 54).

course, is a far cry from the circumstance here where the parties are totally unrelated other than a vendor-vendee relationship.

The Third Circuit in Glus set forth four factors to consider in determining whether excusing a plaintiff's failure to timely exhaust would frustrate the purpose of the statute: (1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the timely EEOC complaint; (2) whether the interests of the unnamed and named parties are so similar that it was unnecessary to include the unnamed party for the purpose of obtaining voluntary conciliation and compliance; (3) whether its absence from the EEOC proceeding resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. Id. at 887-88. Here, Plaintiff fails to satisfy **any** of these four factors:

1. Plaintiff has not suggested – nor could he do so – that he was unaware of the Jet Defendants' role in this case. Indeed, the Amended Complaint states that that the Jet Defendants were Plaintiff's W-2 employers in 2008 and 2009 – a fact he was obviously aware at the time he filed his Charge against Abercrombie in January 2010. Amended Comp., ¶¶ 16, 22, 27, 28, 31. In fact, it was the Jet Defendants who told him not to return to work. Amended Comp. ¶ 54. This clearly is not a case where the Plaintiff could not have known of the Jet Defendants' role. He just waited to bring a claim against them – for reasons only known to Plaintiff – and waited too long.

2. Abercrombie and the Jet Defendants are entirely separate corporate entities who contract with one another for the provision of services. Abercrombie's participation in this case during the Charge phase in no way provided the Jet Defendants with the opportunity to understand the claims against them, articulate their defenses, ensure that recollections were preserved, or seek conciliation through the EEOC.[2] Moreover, the Jet Defendants are unaware of what

---

[2] Plaintiff suggests that the common interest agreement between the Jet Defendants and their customer, Abercrombie (inaccurately referred to by Plaintiff as a joint defense agreement) somehow makes the Jet Defendants de facto parties to Plaintiff's Charge against Abercrombie. Again, this is just wrong. The fact of the matter is that a common interest agreement is by no means a reflection of an inter-related relationship. Rather, it is a procedural vehicle to ensure that communications between **separate** parties remain privileged when discussing a matter of common interest. Simply put, at no time were the Jet Defendants before the EEOC. The Jet Defendants were never asked for or given an opportunity to present their position to the EEOC

      conciliation efforts were pursued, if any, at the EEOC, but it is clear that Abercrombie & Fitch would not have had any authority to negotiate for it during any EEOC conciliation.  The Jet Defendants would have to have been a party for those rights to have been protected.

3. As discussed above, the Jet Defendants were prejudiced by Plaintiff's failure to exhaust his administrative remedies because they were deprived of their opportunity to participate in the administrative process.  Moreover, one of the obvious purposes of timely notice is to ensure that recollections of employment-related issues, which can be fleeting, are investigated and preserved promptly.  That purpose is not served by allowing a party – with no apparent basis in law to do so – to extend the deadline for filing beyond 300 days.

4. There is no allegation – nor could there be – that the Jet Defendants have ever represented to Plaintiff that their relationship with him was to be through Abercrombie.  To the contrary, Plaintiff was employed by Jet Professionals to provide services to Abercrombie under its contract with Jet Aviation Flight Services – a fact of which Plaintiff was well aware.  Amended Compl. ¶¶ 16, 22.

Plaintiff has no cognizable excuse for his failure to file a timely Charge against the Jet Defendants.

---

or involve themselves in any conciliation, nor did they seek such an opportunity, given that Plaintiff did not mention or allege any wrongdoing by the Jet Defendants in his Charge.

### III. CONCLUSION

Plaintiff remains free to pursue his claims against Abercrombie & Fitch, against whom it apparently filed a timely charge of discrimination. For the foregoing reasons and those discussed in their opening brief, however, the Jet Defendants respectfully request that this Court dismiss Plaintiff's ADEA claims with prejudice, as Plaintiff failed to exhaust his administrative remedies with regard to those claims.

Respectfully submitted,

Dated: March __, 2011

s/Richard G. Rosenblatt
Richard G. Rosenblatt
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: (215) 963-5511
Fax: (215) 963-5001
Attorneys for the Jet Defendants

**Deleted:** DB1/66877724.2